NOT DESIGNATED FOR PUBLICATION

No. 114,189

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Interest of H.H.,
A Minor Child Under the Age of Eighteen.

MEMORANDUM OPINION

Appeal from Johnson District Court; NEIL B. FOTH, judge. Opinion filed December 23, 2015.
Affirmed.

*Richard P. Klein*, of Olathe, for appellant natural father.

*Shawn E. Minihan*, assistant district attorney, *Stephen M. Howe*, district attorney, and *Lori L. Gilmore*, guardian ad litem, for appellee.

Before HILL, P.J., PIERRON and POWELL, JJ.

*Per Curiam*:  This is an appeal of a temporary custody order placing H.H. in the custody of the Department for Children and Families so the Department could place her with her maternal grandparents. At the time of the order, her mother was incarcerated and her father was working "far away" and had already left the girl with her grandparents. In different cases, the Department had already placed her two siblings with the same grandparents. After a review of the record, we hold that Father's claims about the court's probable cause findings are meritless. We affirm.

The district court held a contested temporary custody hearing under K.S.A. 2014 Supp. 38-2243(b). Father, his attorney, the maternal grandmother, the guardian ad litem, and the State's counsel appeared at the hearing. The State explained that the primary basis

1

for seeking a temporary custody order was Father's de facto arrangement with the grandparents, who already had legal custody of the siblings through the Department, and that H.H. resides with them or they provide her day-to-day care without a similar authority of custody. Father's attorney argued that the underlying circumstances surrounding the siblings being taken into custody was not relevant to H.H. Father's attorney also disputed the level of progress towards reintegration with the siblings. Grandmother confirmed that Mother had asked the grandparents to take care of H.H. because Father would be working "far away" and H.H. had been residing with her grandparents for 2 weeks as of June 18, 2015.

The district court found probable cause existed under K.S.A. 2014 Supp. 38-2243 to meet the standards for removal of H.H. from Father's custody. The district court placed H.H. in the Department's custody with the assumption that H.H. would be placed back with her grandparents. Father appeals that temporary custody order.

The first step a district court undertakes in a child in need of care proceeding under the revised Kansas Code for Care of Children is the temporary custody hearing controlled by K.S.A. 2014 Supp. 38-2243. A temporary custody order identifies the person or agency that will have temporary custody of a child after the district court determines the child needs protection. See K.S.A. 2014 Supp. 38-2243; *In re A.E.S.,* 48 Kan. App. 2d 761, 765, 298 P.3d 386 (2013).

K.S.A. 2014 Supp. 38-2243(f) allows a district court to enter a temporary custody order based on "probable cause to believe that the: . . . (3) health or welfare of the child may be endangered without further care." However, the temporary custody order removing H.H. from Father's custody is controlled by K.S.A. 2014 Supp. 38-2243(i)(1). That mandate required the district court to include two probable cause findings in the order before removing H.H. First, the district court had to find that there was probable cause to believe "(i)[t]he child is likely to sustain harm if not immediately removed from

2

the home; (ii) allowing the child to remain in home is contrary to the welfare of the child; or (iii) immediate placement of the child is in the best interest of the child." K.S.A. 2014 Supp. 38-2243(i)(1)(A). Second, the district court had to find probable cause that "reasonable efforts have been made to maintain the family unit and prevent the unnecessary removal of the child from the child's home or that an emergency exists which threatens the safety [of] the child." K.S.A. 2014 Supp. 38-2243(i)(1)(B).

Father argues on appeal that the evidence was insufficient to support the district court's finding that there was probable cause to believe "an emergency existed" which threatened H.H.'s safety for two reasons: "(1) H.H. was being cared for by her maternal grandparents while her father worked and (2) H.H.'s siblings were in DCF custody due to separate child in need of care cases." Father's argument would suggest that he is appealing the district court's finding under K.S.A. 2014 Supp. 38-2243(i)(1)(B). However, Father's argument mischaracterizes the district court's order.

The district court's order made two distinct findings. First, the district court found there was probable cause under K.S.A. 2014 Supp. 38-2243(i)(1)(A) because "[H.H.] is residing with grandparent and the parents are struggling with drug use issues." The district court also found that probable cause existed under K.S.A. 2014 Supp. 38-2243(i)(1)(B) to believe an emergency existed which threatened H.H.'s safety because of the "[c]ourt involvement and family services in siblings Johnson County CINC cases."

Consequently, Father is challenging the district court's probable cause findings under both K.S.A. 2014 Supp. 38-2243(i)(1)(A) and K.S.A. 2014 Supp. 38-2243(i)(1)(B), not just the latter provision. Father, however, does not challenge the district court's remaining finding under K.S.A. 2014 Supp. 38-2243(i)(1)(A) in its order regarding the parental drug use issues. Therefore, we deem that issue abandoned. See *Superior Boiler Works, Inc. v. Kimball*, 292 Kan. 885, 889, 259 P.3d 676 (2011).

A temporary custody order is an appealable order under K.S.A. 2014 Supp. 38-2273(a). See *In re N.A.C.,* 299 Kan. 1100, 1112, 329 P.3d 458 (2014). In making a probable cause finding under K.S.A. 2014 Supp. 38-2243(i), the district court "must make a practical, common-sense determination of whether, under the totality of the circumstances, there was a substantial basis for a reasonably prudent person to believe" the facts to be proven. *In re A.B.*, No. 102,946, 2010 WL 348295, at *3 (Kan. App. 2010) (unpublished opinion).

Given our standard, we disagree with Father's contention that this court should engage in a de novo review of the probable cause determinations made under K.S.A. 2014 Supp. 38-2243(i). Instead, like in *In re A.B.*, 2010 WL 348295, at *3-4, we apply a deferential standard to review whether the evidence provided the district court with a substantial basis for finding probable cause under K.S.A. 2014 Supp. 38-2243(i). Finally, to the extent our review requires us to interpret the provisions of the revised code, which is a question of law, we have unlimited review. See *Jeanes v. Bank of America*, 296 Kan. 870, 873, 295 P.3d 1045 (2013).

*The evidence is sufficient.*

At the temporary custody hearing, the district court first questioned the notion of H.H. residing with Father when her siblings had already been removed from Father's custody. The district court noted,

> "Well, my point is just that you end up with somewhat contradictory orders where we've got a District Court of Johnson County saying parents are not appropriate for reintegration with one child, but it's appropriate that the other child, a two-year old, live there while Father is not there a large percentage of the time. It seems a little incongruent."

The district court also addressed the demands of Father's ongoing efforts regarding reintegration with H.H.'s siblings and Mother being out of the house and noted, "under the circumstances though, I don't see that situation changing in the immediate future."

In finding probable cause to remove H.H. temporarily from Father's custody, the district court found:

> "So I am going to conclude that there is probable cause to believe that the allegations of the State's petition are true, that with regard to apparently the most critical allegation of the State's petition that children have been with maternal grandparents for a couple of weeks is admittedly true. That's not necessarily a criticism of you, but it triggers the fact that the children are not being cared for by a parent, which is probably a good thing at this time.
>
> . . . .
>
> "And that an emergency exists as the two older kids are in DCF custody with out-of-home placement. There are concerns with that case that aren't really alleged here, but they're kind of inherent in the case, at least from KVC's point of view I'm sure, and it's contrary to the child's welfare to remain in Father's home as she was not in Father's home."

Father argues that the fact that H.H.'s siblings had already been adjudicated children in need of care and placed in the Department's custody does not support a finding that an emergency existed that threatened H.H.'s own safety.

Specifically, Father looks to the statutory definition of a "child in need of care" found in K.S.A. 2014 Supp. 38-2202(d)(11) for support. That statute defines a child in need of care as one who "has been residing in the same residence with a sibling or another person under 18 years of age, who has been physically, mentally or emotionally abused or neglected, or sexually abused." K.S.A. 2014 Supp. 38-2202(d)(11). It is uncontested H.H. had at some point been residing in the same residence with her siblings who had already been adjudicated in need of care and victims of abuse under K.S.A. 38-

5

2202(d)(11). However, Father points out that there was no similar evidence or allegations of abuse regarding H.H., which Father argues was necessary to support a finding that an emergency existed threatening H.H.'s own safety. Without offering support, Father opines that the revised code does not provide for either a child in need of care adjudication or temporary custody order simply because a sibling is involved in a separate child in need of care case and that "each child should be considered on his or her own set of circumstances."

Father's argument is contradicted by the language in K.S.A. 2014 Supp. 38-2202(d)(11), which indicates a clear public policy in Kansas that children residing in a home with a sibling under the age of 18 who is the victim of abuse require the same protections as the victim. In the case *In re A.H.*, 50 Kan. App. 2d 945, 950-51, 334 P.3d 339 (2014), the court held that a sibling of a child determined to be a child in need of care may also be determined to be a child in need of care under K.S.A. 2013 Supp. 38-2202(d)(11). Moreover, temporary custody orders and child in need of care determinations are two different adjudications. The "clear and convincing evidence" standard found in K.S.A. 2014 Supp. 38-2250 used for determining whether a child is a child in need of care is a much higher standard than the deferential probable cause standard used for temporary custody orders. In *Tindell v. Tindell*, 10 Kan. App. 2d 34, 36, 690 P.2d 965 (1984), the court ruled that probable cause requires less evidence for its support than does a finding of unfitness. As this court stated in *In re A.B.*:

> "A more skeptical review of a . . . district court judge's probable cause findings for granting temporary nonparental custody under K.S.A. 2008 Supp. 38-2243(i) could very well discourage the State or any other CINC applicant from seeking temporary custody, thus exposing the children to a greater possibility of harm." 2010 WL 348295, at *4.

The district court here did not clarify which of the three subsections under K.S.A. 2014 Supp. 38-2243(i)(1)(A) it based its probable cause determination upon. Given that H.H. was not residing with Father at the time of the petition, subsection ii of K.S.A. 2014

6

Supp. 38-2243(i)(1)(A)—allowing the child to remain in the home is contrary to the welfare of the child—was not applicable.

In *In re A.B.*, this court found evidence of and exposure to drug abuse in the household sufficient to affirm a temporary custody order under K.S.A. 2014 Supp. 38-2243(i)(1)(B) as an emergency that threatened the children's safety. 2010 WL 348295, at *5. Father has waived any challenge to the district court's finding under K.S.A. 2014 Supp. 38-2243(i)(1)(A) regarding the parental drug use issues. It would be illogical for this court to conclude that parental drug use is sufficient probable cause under K.S.A. 2014 Supp. 38-2243(i)(1)(B) that an emergency exists threatening a child's safety but not sufficient to also support probable cause under K.S.A. 2014 Supp. 38-2243(i)(1)(A). We must liberally construe the revised code to carry out the policy in Kansas that "the safety and welfare of a child [is] paramount in all proceedings under the code." K.S.A. 2014 Supp. 38-2201(b)(1).

The parental drug use issues provided a substantial basis for a reasonably prudent person to believe H.H. was likely to sustain harm if not immediately removed from the home or that immediate placement of H.H. was in her best interests, notwithstanding the fact that the grandparents were also providing the day-to-day care of H.H., not Father.

As for probable cause under K.S.A. 2014 Supp. 38-2243(i)(1)(B), the record indicates that the only reason H.H. was not included in her siblings' child in need of care petition is because she was not residing with her siblings at the time of the May 2015 hearing and was believed to be living in Missouri with other family members. The record establishes that H.H.'s siblings were removed from Father's custody due to concerns of truancy, domestic violence, and substance abuse issues. The record also indicates that the parents have not addressed those concerns to the satisfaction of the Department as part of their reintegration with H.H.'s siblings. Their failure to do so certainly provides a substantial basis for a reasonably prudent person to believe that an emergency existed

7

that also threatened H.H.'s safety requiring the same protections as her siblings. And while the record is not forthcoming regarding the nature of the allegations of truancy and domestic violence, parental drug use issues, as mentioned in our discussion of K.S.A. 2014 Supp. 38-2243(i)(1)(A), would also support a probable cause determination under K.S.A. 2014 Supp. 38-2243(i)(1)(B). See *In re A.B.*, 2010 WL 348295, at *5.

Accordingly, we reject Father's challenge to the sufficiency of the evidence and affirm the temporary nonparental custody order.

Affirmed.